**Michael A. Josephson**
Texas Bar No. 24014780
*(pending pro hac vice)*
**Carl A. Fitz**
Texas Bar No. 24105863
*(admitted pro hac vice)*
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
cfitz@mybackwages.com

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
*(pending pro hac vice)*
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**Heather L. Gardner**
Alaska Bar No. 0111079
**Heather Gardner Attorney at Law LLC**
645 G. St., Ste. 100-754
Anchorage, Alaska 99501
907-375-8776 – Telephone
hgardnerlaw@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

DENNY LAPIKAS, Individually and for
Others Similarly Situated,

              Plaintiffs,

v.

UDELHOVEN OILFIELD SYSTEM
SERVICES, INC.

              Defendant.

Case No. 3:20-cv-

Jury Trial Demanded

Class & Collective Action

# COLLECTIVE AND CLASS ACTION COMPLAINT

## SUMMARY

1.      Udelhoven Oilfield System Services, Inc. (Udelhoven) has failed to pay Denny Lapikas (Lapikas) and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA) and the Alaska Wage and Hour Act (AWHA).

2.      Instead of paying overtime as required by state and federal law, Udelhoven paid these workers the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3.      This class and collective action seek to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. *See* 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.      This Court has subject matter jurisdiction over the AWHA claims under the Class Action Fairness Act. *See* 28 U.S.C. § 1332(d).

6.      This Court also has jurisdiction over the AWHA claims because they arise from the same common nucleus of operative facts as the FLSA claims. *See* 28 U.S.C. § 1367.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in this District.

8.      Lapikas worked for Udelhoven in this District in North Slope Borough, Alaska.

9.      Udelhoven has availed itself to the jurisdiction of this Court. Udelhoven maintains its headquarters in Anchorage, AK.

## THE PARTIES

10.      Lapikas was an hourly employee of Udelhoven.

Case 3:20-cv-00017-JWS   Document 1   Filed 01/24/20   Page 2 of 12

11.     Lapikas worked for Udelhoven as an Area Authority from approximately December 2016 through August 2018.

12.     His consent to be a party plaintiff is attached as **Exhibit A**.

13.     Lapikas brings this action on behalf of himself and all employees of Udelhoven who were, at any point in the past 3 years, paid the same hourly rate for hours worked over 40 in a work week ("straight time for overtime.") (the "FLSA Class").

14.     Lapikas also brings this action on behalf of himself and all other members of the FLSA Class who worked in Alaska (the "Alaska Class").

15.     Udelhoven is a company doing business throughout the United States. Udelhoven may be served by serving its registered agent: James Udelhoven, 184 E. 53rd Ave., Anchorage, AK 99518.

## COVERAGE UNDER THE FLSA

16.     At all relevant times, Udelhoven was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17.     At all relevant times, Udelhoven was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18.     At all relevant times, Udelhoven was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

19.     At all relevant times, Udelhoven had an annual gross volume of sales made in excess of $1,000,000.

20.     At all relevant times, Lapikas and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

3

## THE FACTS

21.    Udelhoven provides construction and maintenance support for Cook Inlet and Prudhoe Bay oilfield development. *See generally*    https://www.udelhoven.com/uoss (Last visited January 9, 2020).

22.    Lapikas worked for Udelhoven from approximately December 2016 through August 2018.

23.    Lapikas performed work for Udelhoven at the Prudhoe Bay Oilfield on Alaska's North Slope.

24.    Lapikas was an Area Authority for Udelhoven.

25.    As an Area Authority, Lapikas monitored the work performed by contractors to ensure that it was performed according to Udelhoven's customer's specifications. For example, Lapikas monitored welding, instrumentation, and pipe work for the remodeling of the interior of crude oil separation facilities.

26.    Lapikas reported the hours he worked to Udelhoven on a regular basis.

27.    Lapikas was not guaranteed a salary.

28.    If Lapikas works fewer than 40 hours in a week, he was only paid for the hours works.

29.    Lapikas regularly worked over 40 hours in a week.

30.    In fact, Lapikas routinely worked two-week rotations for 12 hours per day. Lapikas worked approximately 84 hours on a typical week.

31.    Instead of paying overtime, Udelhoven paid Lapikas the same hourly rate for the hours he works over 40 in a work week.

32.    The hours Lapikas and the Putative Class Members (defined below) work are reflected in Udelhoven's records.

4

33.     Rather than receiving time and half as required by the FLSA, Lapikas only receives "straight time" pay for overtime hours worked.

34.     Udelhoven's "straight time for overtime" payment scheme violates the FLSA.

35.     Udelhoven was and is aware of the overtime requirements of the FLSA.

36.     Udelhoven was and is aware of the overtime requirements of the AWHA.

37.     Udelhoven nonetheless fails to pay certain employees, such as Lapikas, overtime.

38.     Udelhoven's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

<strong>CLASS AND COLLECTIVE ACTION ALLEGATIONS</strong>

39.     Udelhoven's illegal "straight time for overtime" policy extends beyond Lapikas.

40.     It is the "straight time for overtime" payment plan that is the "unlawful common practice and policy" in this FLSA collective action. *See McDonald v. Ricardo's on the Beach, Inc.*, No. CV 11-9366 PSG (MRWx), 2013 WL 228334, at *2 (C.D. Cal. Jan. 22, 2013) (certifying "straight time for overtime" claim for collective treatment).

41.     Udelhoven pays dozens of workers using the same unlawful scheme.

42.     Any differences in the FLSA Class's job duties do not detract from the fact that these workers were entitled to overtime pay.

43.     Like Lapikas, the FLSA Class generally worked more than 40 hours during their workweeks.

44.     None of the FLSA Class were paid on a salary basis.

45.     None of the FLSA Class covered by this collective action received time and a half for hours worked in excess of 40 in a workweek.

46.     Lapikas brings his claim under the AWHA as a Rule 23 class action.

47.     The members of the Alaska Class are similarly situated to Lapikas in relevant respects.

5

48.     The members of the Alaska Class were paid straight time for overtime, were not paid on a salary-basis, regularly worked more than 8 hours per day, and 40 hours per week, and were not paid overtime compensation.

49.     Udelhoven's failure to pay wages and overtime compensation at the rates required by the AWHA results from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the members of the Alaska Class.

50.     Even if the precise job duties performed by members of the Alaska Class might vary somewhat, these differences do not matter for the purposes of determining entitlement to overtime.

51.     Nor do any differences in job duties matter for determining whether Udelhoven's failure to pay overtime was legal (and it was not).

52.     The members of the Alaska Class are all entitled to overtime after working 8 (or, at most, 10) hours in a day. Alaska Stat. Ann. § 23.10.060; 8 AAC 15.102.

53.     The members of the Alaska Class are all entitled to overtime after working 40 hours in a week.

54.     Because Udelhoven uniformly compensated these workers straight time for all hours worked and denied the Alaska Class overtime for all hours worked over 40 in a work week, Lapikas and the Alaska Class are similarly situated within the meaning of the AWHA.

55.     Udelhoven employed more than 100 employees like Lapikas in Alaska.

56.     The members of the Alaska Class are nonetheless geographically disbursed, residing and working in multiple locations.

57.     Because the members of the Alaska Class do not have fixed work locations, these individuals may work in different states across the country during their employment.

6

58. Numerous employees have been victimized by Udelhoven's pattern, practice, and policy of failing to pay overtime for all hours worked over 40 which are in willful violation of the FLSA and the AWHA.

59. Numerous other employees who worked with Lapikas have indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal law.

60. Based on his experiences and tenure with Udelhoven, Lapikas is aware that the illegal practices or policies of Defendant that have been imposed on other members of the FLSA Class and the Alaska Class.

61. Lapikas's experiences are therefore typical of the experiences of the Alaska Class.

62. Lapikas has no interests contrary to, or in conflict with, the members of the Alaska Class.

63. Like each member of the proposed classes, Lapikas has an interest in obtaining the unpaid overtime wages owed under state and federal law.

64. Absent a class action, many members of the Alaska Class likely will not obtain redress of their injuries and Udelhoven will retain the proceeds of its violations of the AWHA.

65. Individual litigation would be unduly burdensome to the judicial system.

66. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

67. The questions of law and fact common to each member of the Alaska Class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Udelhoven employed Putative Class Members within the meaning of the applicable state statutes, including the AWHA;

7

b. Whether Udelhoven's policy of compensating its workers straight time for overtime hours worked violates the AWHA;

c. Whether the Putative Class Members were improperly classified by Udelhoven as exempt from overtime compensation;

d. Whether Udelhoven's decision to classify the Putative Class Members as exempt from overtime was made in good faith;

e. Whether Udelhoven's violation of the AWHA was willful.

68. Lapikas's claims are typical of the members of the Alaska Class.

69. Lapikas and members of the Alaska Class have sustained damages arising out of Udelhoven's illegal and uniform employment policy.

70. Lapikas knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

71. Even if the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts.

72. Udelhoven's records, however, provide a reasonable method for calculating the hours worked by the FLSA Class (and, therefore, the Alaska Class)

73. The workers impacted by Udelhoven's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## FIRST CAUSE OF ACTION: FLSA OVERTIME

74. Lapikas incorporates all previous paragraphs and alleges that the illegal pay practices Udelhoven imposed on Lapikas were likewise imposed on the Putative Class Members.

75. By failing to pay Lapikas and the FLSA Class overtime at one-and-one-half times their regular rates, Udelhoven violated the FLSA's overtime provisions.

8

76. Udelhoven owes Lapikas and the FLSA Class the difference between the rate actually paid and the proper overtime rate.

77. Because it knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Udelhoven owes these wages for the past three years.

78. Udelhoven owes Lapikas and the FLSA Class an amount equal to the unpaid overtime wages as liquidated damages.

79. Lapikas and the FLSA Class are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

## SECOND CAUSE OF ACTION: AWHA OVERTIME

80. The conduct alleged in this Complaint violates the Alaska Minimum Wage Act (AWHA).

81. Udelhoven was and is an "employer" within the meaning of the AWHA.

82. At all relevant times, Udelhoven employed each member of the Alaska Class as an "employee" within the meaning of the AWHA.

83. The AWHA requires an employer like Udelhoven to pay overtime to all non-exempt employees.

84. Alaska law also requires an employer like Udelhoven to notify each "employee in writing at the time of hiring of the day and place of payment, and the rate of pay, and of any change with respect to these items on the payday before the time of change." Alaska Stat. Ann. § 23.05.160.

85. The members of the FLSA Class employed in Alaska were and are non-exempt employees who are entitled to be paid overtime for all overtime hours worked.

86. Within the applicable limitations period, Udelhoven had a policy and practice of failing to pay overtime pay to the Alaska Class members for their hours worked in excess of 8 hours in a day. Alaska Stat. Ann. § 23.10.060.

9

87.     Within the applicable limitations period, Udelhoven had a policy and practice of failing to pay overtime pay to the Alaska Class members for their hours worked in excess of 40 hours per week.

88.     As a result of Udelhoven's failure to pay overtime to the Alaska Class, Udelhoven violated the AWHA.

89.     The Alaska Class is entitled to recover their unpaid overtime based on Udelhoven's failure to pay 1 and ½ time their regular rates of pay for work performed in excess of 8 hours in a day and/or 40 hours in a week, an amount equal to these underpayments as liquidated damages, and such other legal and equitable relief resulting from Udelhoven's violations of the AWHA as the Court deems just and proper.

90.     The Alaska Class also seeks recovery of attorneys' fees and costs of this action to be paid by Udelhoven, as provided by the AWHA.

## JURY DEMAND

91.     Lapikas demands a trial by jury.

## PRAYER

92.     Lapikas prays for relief as follows:

(a)     For an order allowing this action to proceed as a FLSA collective action and directing notice to the class;

(b)     For an order pursuant to section 16(b) of the FLSA finding Udelhoven liable for all unpaid overtime and an equal amount of liquidated damages;

(c)     For an order designating the AWHA class as a class action pursuant to FED. R. CIV. P. 23;

(d)     For an order finding Udelhoven liable for all unpaid overtime owed under AWHA at the highest available rates allowed by law;

(e)     For an order appointing Lapikas and his counsel to represent the interests of the federal collective and the Alaska Class;

(f)     For an order awarding Lapikas and the FLSA Class their costs;

(g)     For an order awarding Lapikas and the FLSA Class their attorneys' fees;

(h)     For an order awarding Lapikas and the FLSA Class pre- and post-judgment interest at the highest rates allowed by law; and

(i)     For an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted this the 24th day of January, 2020.

By:    /s/ Heather L. Gardner
       **Heather L. Gardner**
       Alaska Bar No. 0111079
       **Heather Gardner Attorney at Law LLC**
       645 G. St., Ste. 100-754
       Anchorage, Alaska 99501
       907-375-8776 – Telephone
       hgardnerlaw@gmail.com

       **AND**

       **Michael A. Josephson**
       Texas Bar No. 24014780
       *(pending pro hac vice)*
       **Carl A. Fitz**
       Texas Bar No. 24105863
       *(admitted pro hac vice)*
       **JOSEPHSON DUNLAP LLP**
       11 Greenway Plaza, Suite 3050
       Houston, Texas 77046
       713-352-1100 – Telephone
       713-352-3300 – Facsimile
       mjosephson@mybackwages.com
       cfitz@mybackwages.com

       **AND**

       **Richard J. (Rex) Burch**
       Texas Bar No. 24001807
       *(pending pro hac vice)*
       **BRUCKNER BURCH PLLC**
       8 Greenway Plaza, Suite 1500
       Houston, Texas 77046
       713-877-8788 – Telephone
       713-877-8065 – Facsimile
       rburch@brucknerburch.com

11

**ATTORNEYS IN CHARGE FOR PLAINTIFF**