Renea I. Saade, Alaska Bar No. 0911060
rsaade@littler.com
LITTLER MENDELSON
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

Attorneys for Defendant Udelhoven Oilfield System Services, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **DENNY LAPIKAS, Individually and for Others Similarly Situated,**<br><br>    Plaintiffs,<br><br>    v.<br><br>**UDELHOVEN OILFIELD SYSTEM SERVICES, INC.,**<br><br>    Defendant. | Case No. 3:20-cv-00017-JWS |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Udelhoven Oilfield System Services, Inc., answers Plaintiff's Complaint as follows:

1. Denied.

2. Denied.

3. The allegations of paragraph 3 of the Complaint does not appear to have factual allegations that require an admission or a denial. To the extent necessary,

Defendant denies that the Plaintiff has the basis to pursue a class action and denies that it owes Plaintiff or any members of the alleged class unpaid wages or other damages.

4. Without admitting that Plaintiff can pursue a class action, Defendant admits that this Court has jurisdiction.

5. Without admitting that Plaintiff can pursue a class action, Defendant admits that this Court has jurisdiction.

6. Without admitting that Plaintiff can pursue a class action, Defendant admits that this Court has jurisdiction.

7. Defendant denies that the Plaintiff has sufficient facts to pursue a cause of action but admits that this District is a proper forum given that Defendant's corporate office is located in Anchorage and some of Plaintiff's payroll was processed out of the Anchorage office. However, Defendant denies that the fact that Plaintiff worked for Defendant in the North Slope Borough, Alaska establishes jurisdiction in this specific Court. The North Slope Borough falls within the Fairbanks Division of the Alaska District Court. To the extent necessary, all other allegations of paragraph 7 of the Complaint are denied.

8. Admitted.

9. Admitted.

10. Denied.

11. Defendant admits that Plaintiff worked for Defendant in the position of Technical Consultant at various times between approximately December 2016 and August 2018.

**LITTLER MENDELSON**
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

12. The allegations of paragraph 12 of the Complaint appear to be a legal argument to which no admission or denial is required. To the extent necessary, Defendant admits that Exhibit A to the Complaint speaks for itself.

13. The allegations of paragraph 13 of the Complaint appear to be a legal argument to which no admission or denial is required. To the extent necessary, Defendant denies the same.

14. The allegations of paragraph 14 of the Complaint appear to be a legal argument to which no admission or denial is required. To the extent necessary, Defendant denies the same.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Defendant admits that its annual gross revenue between 2017 – 2019 met the threshold requirements of FLSA. Defendant denies all other allegations of paragraph 19 of the Complaint.

20. Without admitting that Plaintiff can pursue a class action, Defendant admits that Plaintiff and some of his co-workers working on the same contract as Plaintiff may have been engaged in commerce as defined by the FLSA. Defendant denies all other allegations of paragraph 20 of the Complaint.

21. Defendant admits that paragraph 21 of the Complaint generally describes some of its work.

22. Defendant admits that Plaintiff worked for Defendant during various times between approximately December 2016 and August 2018.

23. Admitted.

24. Defendant admits that Plaintiff worked for Defendant as a Technical Consultant.

25. Defendant admits that paragraph 25 of the Complaint describes some of Plaintiff's roles and responsibilities as a Technical Consultant when he worked for Defendant but denies that the description is exhaustive of his day to day responsibilities.

26. Defendant admits that Plaintiff was obligated to report all hours worked and did report hours to Defendant. Defendant, however, is still investigating whether or not Plaintiff over reported the hours he actually worked and as such, denies the remaining allegations of paragraph 26 of the Complaint.

27. Defendant admits that Plaintiff was not guaranteed a "salary", however, Defendant maintains that Plaintiff received a guaranteed amount of pay for each rotational shift he reported to work at the North Slope. Accordingly, Defendant maintains it met the salary basis threshold requirement for Plaintiff to maintain an exempt status.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Defendant is still investigating whether the hours Plaintiff reported were the actual hours he worked so Defendant is unable to admit or deny this allegation. It is also

LITTLER MENDELSON
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

unable to admit or deny the allegations related to any member of the alleged class as such a determination will have to be made on a case by case basis.

33. Denied.

34. Denied.

35. Defendant admits that it is generally aware of the obligation to pay overtime to some workers under the FLSA. Given the vague nature of the allegations of paragraph 35 of the Complaint, Defendant is unable to admit or deny the remaining allegations and as such, denies the same.

36. Defendant admits that it is generally aware of the obligation to pay overtime to some workers under the AWHA. Given the vague nature of the allegations of paragraph 36 of the Complaint, Defendant is unable to admit or deny the remaining allegations and as such, denies the same.

37. Denied.

38. Denied.

39. Denied.

40. The allegations of paragraph 40 of the Complaint appear to be a legal argument not requiring an admission or denial. To the extent necessary, Defendant denies the allegations.

41. Denied.

42. Defendant denies that there is a class and denies the allegations of paragraph 42 of the Complaint.

LITTLER MENDELSON
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

43. Defendant denies that there is a class and denies the allegations of paragraph 43 of the Complaint.

44. Defendant denies that there is a class and denies the allegations of paragraph 44 of the Complaint.

45. Denied.

46. The allegations of paragraph 46 of the Complaint appear to be a legal argument not requiring an admission or denial. To the extent necessary, Defendant denies the allegations.

47. Defendant denies that there is a class and denies the allegations of paragraph 47 of the Complaint.

48. Defendant denies that there is a class and denies the allegations of paragraph 48 of the Complaint.

49. Denied.

50. Defendant denies that there is a class and denies the allegations of paragraph 50 of the Complaint.

51. Denied.

52. Defendant denies that there is a class and denies the allegations of paragraph 52 of the Complaint.

53. Defendant denies that there is a class and denies the allegations of paragraph 53 of the Complaint.

54. Defendant denies that there is a class and denies the allegations of paragraph 54 of the Complaint.

**LITTLER MENDELSON**
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

55. Denied.

56. Defendant denies that there is a class and denies the allegations of paragraph 56 of the Complaint.

57. Defendant denies that there is a class and denies the allegations of paragraph 57 of the Complaint.

58. Denied.

59. Denied.

60. Defendant is unable to admit or deny what Plaintiff has indicated to his legal counsel but Defendant denies that he ever raised any concerns about his pay to Defendant at any point in time before filing this lawsuit.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

**LITTLER MENDELSON**
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

68. Denied.

69. Denied.

70. Defendant is unable to admit or deny what Plaintiff may think or believe, however, Defendant denies the allegation that a class action is appropriate or warranted and denies all other allegations in paragraph 70 of the Complaint.

71. Denied.

72. Defendant denies that there is a class and is unable to admit or deny whether its records reasonably represent hours actually worked by Plaintiff and/or his co-workers working on the same contract during the relevant time period as Defendant is still investigating this allegation. To the extent necessary, it denies the same.

73. Denied.

74. Defendant incorporates by reference its answers to paragraphs 1 – 73 of the Complaint and denies that it engaged in illegal pay practices to a class of individuals.

75. The allegations of paragraph 75 of the Complaint appear to be a legal argument not requiring an admission or denial. To the extent necessary, Defendant denies the allegations.

76. Defendant denies that there is a class and denies the allegations of paragraph 76 of the Complaint.

77. The allegations of paragraph 77 of the Complaint appear to be a legal argument not requiring an admission or denial. To the extent necessary, Defendant denies the allegations.

78. Defendant denies that there is a class and denies the allegations of paragraph 78 of the Complaint.

79. Defendant denies that there is a class and denies the allegations of paragraph 79 of the Complaint.

80. The allegations of paragraph 80 of the Complaint appear to be a legal argument not requiring an admission or denial. To the extent necessary, Defendant denies the allegations.

81. Admitted.

82. Defendant denies that there is a class and denies the allegations of paragraph 82 of the Complaint.

83. The allegations of paragraph 83 of the Complaint appear to be a legal argument not requiring an admission or denial. To the extent necessary, Defendant denies the allegations.

84. The allegations of paragraph 84 of the Complaint appear to be a legal argument not requiring an admission or denial. To the extent necessary, Defendant denies the allegations.

85. The allegations of paragraph 83 of the Complaint appear to be a legal argument not requiring an admission or denial. To the extent necessary, Defendant denies the allegations.

86. Defendant denies that there is a class and denies the allegations of paragraph 86 of the Complaint.

**LITTLER MENDELSON**
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

87. Defendant denies that there is a class and denies the allegations of paragraph 87 of the Complaint.

88. The allegations of paragraph 88 of the Complaint appear to be a legal argument not requiring an admission or denial. To the extent necessary, Defendant denies the allegations.

89. The allegations of paragraph 89 of the Complaint appear to be a legal argument not requiring an admission or denial. To the extent necessary, Defendant denies the allegations.

90. The allegations of paragraph 84 of the Complaint appear to be a legal argument not requiring an admission or denial. To the extent necessary, Defendant denies that any relief is owed by Defendant.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative and other defenses to Plaintiff's claims, which also may apply to the claims of the alleged class Plaintiff seeks to represent. By asserting these defenses, Defendant does not concede that it has the burden of proof as to any such defense. To the extent any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are pleaded in the alternative. Subject to and without waiving the foregoing, Defendant states:

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. To the extent applicable, the Complaint is barred, in whole or in part, because Plaintiff, and/or some or all of the alleged class Plaintiff seeks to represent, upon information and belief, may have agreed in writing to submit any claims for wages or

other compensation due to binding arbitration. To the extent they exist, said agreements are valid and enforceable, expressly provides that arbitration is the sole means to resolve unresolved claims and disputes, and this dispute falls within the scope of the agreements.

3. To the extent applicable, the Complaint is barred, in whole or in part, because Plaintiff, and/or some or all of the alleged class Plaintiff seeks to represent, upon and information and belief, may have agreed in writing to waive any right for any claim or dispute to be brought, heard, decided, or arbitrated as a class action. To the extent such agreement exists, it is believed to possibly include a class action waiver and if so, this alleged class action is prohibited and any arbitration must proceed only on an individual basis.

4. Plaintiff's claims for relief are barred in whole or in part by the applicable statutes of limitations or other applicable limitation periods.

5. This case fails to satisfy the requirements of Federal Civil Rule 23 and/or Alaska State Civil Rule 23, and may not properly be certified or maintained as a class action. Plaintiff has failed to and cannot satisfy the requirements for the maintenance of a class action, including, and without limitation, numerosity, ascertainability, predominance, typicality, adequacy (of both the proposed class representatives and proposed class counsel), and superiority, and further alleges that public policy considerations do not favor such a certification.

6. Plaintiff's claims are barred in whole or in part because at all relevant times Defendant acted reasonably, lawfully, and in good faith, and did not violate any rights of Plaintiff.

7. Plaintiff's damages, if any, were caused by his own acts or omissions, or by the acts or omissions of one or more third-parties, for which Defendant is not responsible or liable.

8. Defendant is entitled to an offset against any damages awarded for amounts paid to Plaintiff and the members of the alleged class, including, but not limited to, any

**LITTLER MENDELSON**
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

amounts paid to Plaintiff and alleged class members for their work or time or otherwise to which they were not otherwise entitled.

9. To the extent Plaintiff and any members of the alleged class have failed to mitigate damages, if any, such damages should be reduced accordingly.

10. Plaintiff and the members of the alleged class he seeks to represent have already been paid all wages and compensation owed to them.

11. The claims of Plaintiff and the alleged class Plaintiff seeks to represent are barred, in whole or in part, by the doctrine of *de minimis non curat*.

12. Plaintiff's claims of willful withholding of wages are barred because, at a minimum, a bona fide dispute exists as to the obligation to pay the wages sought in this action and/or because Defendant did not reach an organizational consensus as to the issue(s) in dispute and/or because Plaintiff knowingly submitted to any alleged violations and/or because Defendant did not act willfully or with any intent to deprive Plaintiff or the alleged class of any part of their wages.

13. Plaintiff's claims against Defendant are frivolous.

14. Defendant denies that it engaged in any unlawful or other wrongful acts and denies that Plaintiff or members of the alleged class are entitled to relief.

15. Any unlawful or other wrongful acts, if any, taken by any of the officers, directors, supervisors, or employees of Defendant were outside the scope of their authority and such acts, if any, were not authorized, ratified or condoned by Defendant, nor did Defendant know nor should it have known of such conduct.

16. Plaintiff's claims are barred in whole or in part because Defendant acted reasonably and in reliance upon written administrative regulations, orders, rulings, and guidance.

17. Plaintiff and the alleged class Plaintiff seeks to represent were compensated at all times in accordance with applicable requirements.

18. Plaintiff's claims are barred to the extent he failed to exhaust applicable

LITTLER MENDELSON
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

administrative remedies and other conditions precedent to filing his claims.

19. Allowing this case to be maintained as a class action would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the Alaska Constitution.

20. Plaintiff's alleged class claims cannot be determined on a representative basis or through the use of statistical sampling because the use of representative evidence or statistical sampling could/would result in damages being awarded to persons who have suffered no injury and have no legal right to damages.

21. If Plaintiff or the alleged class Plaintiff seeks to represent file or have filed claims for bankruptcy and fail or have failed to list a wage claim against Defendant as a potential asset in their bankruptcy filings, they are barred from pursuing their wage claims for lack of standing or under the doctrines of judicial estoppel and/or unclean hands.

22. The claims of Plaintiff and the alleged class Plaintiff seeks to represent are barred by the doctrines of waiver, release, estoppel, unclean hands, avoidable consequences, and/or laches.

23. Plaintiff's claims, and the claims of the alleged class, are barred in whole or in part as to all hours which do not constitute hours worked or compensable time under federal or state law and/or otherwise fall within one or more of the exemptions provided by federal or state law.

24. Plaintiff and the alleged class Plaintiff seeks to represent are not entitled to an award of prejudgment interest even if they prevail on any or all claims because the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

25. Defendant's answers and defenses as asserted above are likewise asserted as answers and defenses to the claims of the purported class alleged in Plaintiff's Complaint. Defendant has not yet completed its investigation and study of the subject matter of Plaintiff's Complaint, and accordingly reserves the right to amend, modify, revise or supplement its Answer, and to plead such further defenses and take such further actions as

LITTLER MENDELSON
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

may be proper and necessary to defend against this action.

## **RELIEF REQUESTED**

WHEREFORE, Defendant respectfully requests the following relief:

1. That the Plaintiff be awarded no relief and that the Plaintiff's Complaint be dismissed with prejudice;

2. That Defendant be awarded all costs and reasonable attorneys' fees incurred in defense against Plaintiff's claims; and

3. For such further relief as the Court deems just and proper.

Dated this 15th day of May, 2020.

                LITTLER MENDELSON
                Attorneys for Defendant Udelhoven Oilfield System Services, Inc.

By: */s/ Renea I. Saade*
     Renea I. Saade
     Alaska Bar 0911060

**LITTLER MENDELSON**
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

CERTIFICATE OF SERVICE:

I hereby certify that on the 15th day of
May, 2020, a true and correct copy
of the foregoing document was served on:

Heather L. Gardner
Michael A. Josephson
Carl A. Fitz
Richard J. Burch (via email rburch@brucknerburch.com)

By ☐ Hand ☐ Mail ☐ Fax
☒ Court's ECF filing system (except email for Mr. Burch)

*/s/ Nancy Murphy Kruse*
Nancy Murphy Kruse
Legal Assistant

4847-9788-3318.1 106747.1001

**LITTLER MENDELSON**
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

Answer and Affirmative Defenses
*Lapikas v. Udelhoven Oilfield System Services, Inc.; 3:20-CV-00017-JWS*
Page 15 of 15

Case 3:20-cv-00017-JWS   Document 22   Filed 05/15/20   Page 15 of 15