**Michael A. Josephson**
Texas Bar No. 24014780
(*admitted pro hac vice*)
**Carl A. Fitz**
Texas Bar No. 24105863
(*admitted pro hac vice*)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
cfitz@mybackwages.com

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
(*pending pro hac vice*)
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**Heather L. Gardner**
Alaska Bar No. 0111079
**Heather Gardner Attorney at Law LLC**
645 G. St., Ste. 100-754
Anchorage, Alaska 99501
907-375-8776 – Telephone
hgardnerlaw@gmail.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

| | |
|---|---|
| DENNY LAPIKAS, Individually and for Others Similarly Situated,<br><br>　　　　　　Plaintiffs,<br>v.<br><br>UDELHOVEN OILFIELD SYSTEM SERVICES, INC.<br><br>　　　　　　Defendant. | Case No. 3:20-cv-00017-JWS<br><br>Jury Trial Demanded<br><br>Class & Collective Action |

### **PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES**

**I. SUMMARY**

Plaintiff Denny Lapikas (Lapikas) brought this claim against Defendant Udelhoven Oilfield System Services, Inc. (Udelhoven) for failing to pay him overtime compensation as required under the Fair Labor Standards Act (FLSA). Udelhoven's Answer to Lapikas's Original Complaint raised multiple affirmative defenses in response which are inappropriate and insufficient as matter of law in FLSA cases like this. *See* Doc. 22. Lapikas therefore moves the Court to strike Udelhoven's affirmative

defenses relating to failure to state a claim (Defense No. 1), offset (Defense No. 8), failure to mitigate (Defense No. 9), waiver, release, estoppel, unclean hands, avoidable consequences, and/or laches (Defense No. 22) under Federal Rule of Civil Procedure 12(f).

## II. PLEADING STANDARD

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The Court may strike an affirmative defense that is insufficient, immaterial, or impertinent. *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 858 (9th Cir. 2007) (citing FED. R. CIV. P. 12(f)). An affirmative defense is immaterial if it does not directly relate to the plaintiff's underlying claim for relief. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 975 (9th Cir. 2010) (citation omitted). An affirmative defense is impertinent if it does not pertain and is not necessary to the issues in question. *Id.* "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Ader v. SimonMed Imaging, Inc.*, 324 F. Supp. 3d 1045, 1049 (D. Ariz. 2018) (citation omitted).

## III. ARGUMENT & AUTHORITIES

### A. The Court Should Strike Udelhoven's Failure to State a Claim Affirmative Defense (#1).

Failure to state a claim is not a true affirmative defense. *See Barnes v. AT&T Pension Plan Benefit Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) ("Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [plaintiff]'s prima facie case."). Typically, the defense of failure to state a claim upon which relief can be granted is made by motion pursuant to Rule 12(b)(6), although it is not waived if a defendant fails to make such a motion. *See* FED. R. CIV. P. 12(b)(6); 12(h)(2). *See Espitia v. Mezzetti Financial Services, Inc.*, No. 18-cv-02480-VKD, 2019 WL 359422, at *5 (N.D. Cal. Jan. 29, 2019) (striking failure to state a claim affirmative defense).

2

**B.     The Court Should Strike Udelhoven's Offsets Affirmative Defense (#8).**

Udelhoven argues that it is entitled to an offset against any damages awarded for amounts paid to Plaintiff and the members of the alleged class, including, but not limited to, any amounts paid to Plaintiff and alleged class members for their work or time or otherwise to which they were not otherwise entitled. *See* Answer at Defense No. 8. However, Udelhoven incorrectly cast its offsets allegation as an affirmative defense rather than a counterclaim. "Courts sometimes use the terms 'setoff' and 'counterclaim' interchangeably." *United States v. Sequel Contractors, Inc.*, 402 F.Supp.2d 1142, 1156 (C.D. Cal. 2005). The Ninth Circuit, however, has "expressed a willingness to disregard labels and characterize an action according to its substance." *In re Parker N. Am. Corp.*, 24 F.3d 1145, 1155 (9th Cir. 1994).

Ninth Circuit District Courts routinely strike offsets affirmative defenses in FLSA cases. *See Ader v. SimonMed Imaging Incorporated*, 324 F.Supp.3d 1045, 1053 (D. Ariz. June 4, 2018) ("As such, the Court will strike Defendants' seventeenth affirmative defense of set-off."); *Truong v. Garden View Townhomes LLC*, No. CV-19-05398-PHX-DLR, 2020 WL 108644 (D. Ariz. Jan. 9, 2020) ("Defendants' third affirmative defense would obligate the discrete discovery and presentation of evidence about Plaintiff's alleged illicit activity and a separate jury finding regarding Defendants' damages. Consequently, any distinction between Defendants' affirmative defense of setoff and Mr. Janowiak's counterclaims is illusory.").

Other courts likewise recognize overtime owed under the FLSA is not subject to offset except in the limited circumstances specifically authorized by the statute. *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738 (5th Cir. 2010); *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *rev'd on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988). Udelhoven takes the position it does not owe additional (or any) overtime pay to Lapikas. And Udelhoven paid Lapikas an hourly rate, and, therefore, Lapikas is entitled to all amounts already paid to him by Udelhoven. Consequently, there are no payments to "offset" since Lapikas did not receive any type of "extra" compensation or any compensation at an

increased rate. There are thus no payments that could even theoretically represent overtime obligations already fulfilled. Accordingly, the Court should strike Udelhoven's offset and/or credit affirmative defenses (Defense No. 8).

### C. The Court Should Strike Udelhoven's Failure to Mitigate Affirmative Defense (#9).

Udelhoven argues that Lapikas's claims are barred by his failure to mitigate his damages. *See* Answer at Defense No. 9. Such defense is insufficient as a matter of law because there is no notice or reporting requirement under the FLSA and no requirement to mitigate overtime wages under the FLSA. *See, e.g., Campbell v. A.S.A.P. Assembly, Inc.*, No. Civ-13-0815-HE, 2013 WL 6332975, at *3 (W.D. Okla. Dec. 5, 2013) (granting plaintiff's motion to strike the employer-defendant's mitigation defense in an FLSA case for this reason); *see also Coffin v. Blessey Marine Svcs., Inc.*, C.A. 4:11-cv-00214, 2011 WL 2193378, at *2 (S.D. Tex. June 5, 2011) (same); *Tran v. Thai*, C.A. 4:08-cv-03650, 2010 WL 5232944, at *7 (S.D. Tex. Dec. 16, 2010) ("[C]ourts have founds that as a matter of law there is no requirement to mitigate overtime wages under the FLSA."); *King v. ITT Educ. Servs., Inc.*, 2009 WL 3583881, at *3 (M.D. Fla. Oct. 27, 2009); *Gonzalez*, 2009 WL 2391233, at *3 (granting motion to strike mitigation-of-damages affirmative defense because there is no duty to mitigate damages under the FLSA, nor a duty to provide notice as to any alleged unlawful pay practice, and thus such a defense was legally insufficient); *Perez-Nunez v. North Broward Hosp. Dist.*, 2009 WL 723873, at *2 (S.D. Fla. Mar. 13, 2009) (granting motion to strike the mitigation-of-damage affirmative defense and holding that a duty-to-mitigate-damages defense based on the plaintiff's failure to timely disclose alleged violation to her employer so that the terms of her employment could be corrected failed as a matter of law under the FLSA); *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1319 (S.D. Fla. 2005) ("There is no requirement under the FLSA for a plaintiff to have provided notice of an alleged wage violation prior to bringing suit."); *Lopez*, 2005 WL 3116053, at *2 (granting the plaintiff's

motion to strike mitigation-of-damages affirmative defense because there is no duty to mitigate damages under the FLSA).

Ninth Circuit District Courts likewise strike failure to mitigate affirmative defenses where they are insufficiently pled. *See, e.g., Smith v. Cobb*, No. 15-cv-00176-GPC, 2017 WL 3887420, at *4–5 (S.D. Cal. Sept. 5, 2017) (striking as factually insufficient conclusory defenses for justification and failure to mitigate); *Kohler v. Staples the Office Superstone, LLC*, 291 F.R.D. 464, 469 (S.D. Cal. 2013) (striking affirmative defense of failure to mitigate where "[the defendant's] answer gives no notice to [the plaintiff] of the basis of his alleged failure to mitigate"); *G & G Closed Circuit Events, LLC v. Nguyen*, No. 5:12-CV-03068 EJD, 2013 WL 2558151, at *4 (N.D. Cal. June 10, 2013) (striking unclean hands, justification, and estoppel affirmative defenses for failing to provide fair notice); *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-CV-00168-LHK, 2010 WL 3749284, at *2 (N.D. Cal. Sept. 23, 2010) (striking affirmative defense for unclean hands and res judicata and collateral estoppel where "[d]efendants do not identify any ... conduct by Plaintiff amounting to 'unclean hands[ or] ... prior litigation having preclusive effect").

Because the defense of failure to mitigate is insufficient as a matter of law in FLSA cases such as this, the Court should strike Udelhoven's ninth affirmative defense in its entirety.

> **D.    The Court Should Strike Udelhoven's Waiver, Release, Estoppel, Unclean Hands, Avoidable Consequences, and Laches Affirmative Defenses (#22).**

>  **1.    Waiver**

Rights under the FLSA cannot be waived. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 740 (1981) *overruled on other grounds, Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991) ("FLSA rights cannot be abridged by contract or otherwise waived"); *Brooklyn Sav. Bank v. O'Neill*, 324 U.S. 697, 706 (1945) (FLSA does not permit employee to waive statutory wages and liquidated damages); *Kraus v. PA Fit II, LLC*, 155 F.Supp.3d 516, 523-30 (E.D. Pa. 2016) (same). Therefore, waiver, release, and similar equitable defenses are inapplicable. *See Hiser v. Nzone Guidance, LLC*, No.

1:18-cv-1056-RP, 2019 WL 2098110, at *3 (W.D. Tex. April 23, 2019) (denying employer's motion for leave to amend to add waiver, release, and satisfaction affirmative defenses in an FLSA case because doing so would be "futile," noting courts have found such doctrine were "not available as affirmative defenses to FLSA claims."); *Gonzalez v. Spears Holdings, Inc.*, 2009 WL 2391233, at *3 (S.D. Fla. July 31, 2009) (noting the "doctrines of waiver, estoppel, laches, and accord and satisfaction, however, are generally not applicable to FLSA claims" and striking those defenses).

### 2. Estoppel

An estoppel defense prevents a party from claiming a right to recovery from another party who was entitled to rely on the first party's conduct. BLACK'S LAW DICTIONARY 551 (6th ed. 1991). Estoppel "is an equitable doctrine invoked to avoid injustice" and requires that a party "have relied on its adversary's conduct in such a manner as to change his position for the worse, and that reliance must have been reasonable in that the party claiming the estoppel did not know, nor should it have known, that its adversary's conduct was misleading." *Heckler v. Community Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51, 59 (1984) (quotations omitted).

Courts generally reject employer defenses based on estoppel in FLSA cases. *See, e.g.*, *Caserta v. Home Lines Agency, Inc.*, 273 F.2d 943, 946-47 (2d Cir. 1959) (holding estoppel inapplicable in FLSA cases); *McComb v. Homeworkers' Handicraft Cooperative*, 176 F.2d 633, 640-41 (4th Cir. 1949) (rejecting defenses of laches and estoppel); *Gonzalez*, 2009 WL 2391233, at *3 (noting that the "doctrines of waiver, estoppel, laches, and accord and satisfaction … are generally not applicable to FLSA claims" and striking those defenses). This is because an employee's right to recover unpaid overtime is not barred by a failure during employment to demand it. *See, e.g.*, *Tippie v. Affordable Inns*, 24 WH Cases 975, 980 (W.D. Okla. 1980) (ruling employees who worked in excess of forty hours per week were not estopped from claiming overtime even though they had accepted wages offered by employer.

### 3. Unclean Hands

The doctrine of unclean hands does not apply in FLSA cases. Claims under the FLSA are only monetary, and not equitable, in nature; yet, unclean hands is an equitable defense that provides only equitable relief. *See Truong v. Garden View Townhomes LLC*, No. CV-19-05398-PHX-DLR, 2020 WL 108644 (D. Ariz. Jan. 9, 2020) (striking unclean hands affirmative defense in FLSA case); *see also Campbell v. A.S.A.P. Assembly, Inc.*, C.A. 5:13-cv-00815, 2013 WL 6332975, at *2 (W.D. Okla. Dec. 5, 2013) (striking the defendant's unclean hands defense as legally insufficient because the doctrine of unclean hands is an equitable defense and plaintiffs in FLSA cases are seeking monetary relief, not equitable relief) (citing *Hocker v. New Hampshire Ins. Co.*, 922 F.2d 1476, 1486 (10th Cir. 1991)); *Lopez v. Autoserve, LLC*, C.A. 1:05-cv-03554, 2005 WL 3116053, at *2 (N.D. Ill. Nov. 17, 2005) (same).

### 4. Laches

When "Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter. The Congressional statute of limitation is definitive." *Holmberg v. Armbrecht*, 327 U.S. 392, 395 (1946). With regards to the FLSA, Congress clearly enacted a two-year general statute of limitations for bringing claims under FLSA and a three-year statute of limitations if the FLSA violation was willful. 29 U.S.C. § 255(a).

The Supreme Court has made it clear "laches" cannot be a defense to any claim brought within the statute of limitations. *SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC*, 137 S. Ct. 954, 959, 197 L.Ed.2d 292 (2017); *Petrella v. Metro–Goldwyn–Mayer, Inc.*, 572 U.S. 663, 134 S.Ct. 1962, 188 L.Ed.2d 979 (2014).

Therefore, the equitable doctrine of laches is inapplicable to FLSA claims. *Reeves v. ITT Corp.*, 616 F.2d 1342, 1350 (5th Cir. 1980), cert. denied, 449 U.S. 1077 (1981) (rejecting laches defense to employee's claim for unapid wages and liquidated damages); *Utrera v. Kraftsmen Bakers LTD*, Civ. A. No. 4:13-CV-01458, 2013 WL 6176577, at *2 (S.D. Tex. Nov. 25, 2013) (striking laches defense because Congress definitively provided for a general two-year statute of limitations and three-year

statute of limitations for willful violations of the FLSA) (citing *Holmberg v. Armbrecht*, 327 U.S. 393, 395 (1946)); *Lemieux v. City of Holyoke*, 740 F.Supp.2d 246, 257 (D. Mass. 2010); *Herman v. Suwannee Swifty Stores, Inc.*, 19 F. Supp. 2d 1365, 1373-74 (M.D. Ga. 1998); (holding an affirmative defense of laches inapplicable in an FLSA case when the action is brought within the statute of limitations); *see also Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 797–99 (4th Cir. 2001).

Finally, although sometimes the mere naming of defenses is sufficient, "[l]aches, waiver, estoppel, and unclean hands are equitable defenses that must be pled with specific elements required to establish the defense." *Reis Robotics USA, Inc. v. Concept Industries, Inc.*, 462 F. Supp. 2d 897, 907 (N.D. Ill. 2006); *see also Herrera v. JK & HE Business, LLC*, 2016 WL 8193294, at *19 (S.D. Tex. Oct. 16, 2016) ("Even if defenses such as waiver or laches [we]re valid under the FLSA, Defendants have failed to plead the defenses of laches, estoppel, waiver, ratification, and/or consent and equitable estoppel with any specificity.").

## IV. CONCLUSION.

For these reasons, the Court should strike Udelhoven's first, eighth, ninth, and twenty-second affirmative defenses.

Respectfully submitted,

By: */s/ Carl A. Fitz*
    **Michael A. Josephson**
    Texas Bar No. 24014780
    (*admitted pro hac vice*)
    **Carl A. Fitz**
    Texas Bar No. 24105863
    (*admitted pro hac vice*)
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    cfitz@mybackwages.com

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    (*pending pro hac vice*)
    **BRUCKNER BURCH PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **Heather L. Gardner**
    Alaska Bar No. 0111079
    **Heather Gardner Attorney at Law LLC**
    645 G. St., Ste. 100-754
    Anchorage, Alaska 99501
    907-375-8776 – Telephone
    hgardnerlaw@gmail.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by ECF electronic filing on all known parties on this the 5th day of June, 2020.

    */s/ Michael A. Josephson*
    Michael A. Josephson

## **CERTIFICATE OF CONFERENCE**

On May 28, 2020, I provided Udelhoven's counsel with a copy of the present Motion. To date, Udelhoven's counsel has not stated its position with respect to the relief requested herein.

*/s/Carl A. Fitz*
Carl A. Fitz